UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

IDALA STROUSE GASSER,
JOHN GASSER,

        Plaintiffs,

   v.

VILLAGE OF PLEASANT PRAIRIE, et al.,

        Defendants.

Case No. 20-cv-0595-bhl

---

# DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

On April 13, 2020, Plaintiffs Idala Strouse Gasser and John Gasser filed this suit against the Village of Pleasant Prairie (the Village), the City of Kenosha (the City), and the County of Kenosha (the County), alleging that unnamed Pleasant Prairie police officers used excessive force against Strouse Gasser in connection with her arrest following a December 10, 2018 traffic accident. (ECF No. 1.) On June 8, 2020, Plaintiffs amended their complaint and, after dropping claims against the City and the County, now assert claims against the Village, Police Officers Patrick R. Gainer and Nicholas Brickert, and two unnamed "John Doe" officers. (ECF No. 13.)[1]

All Defendants have now moved for summary judgment. (ECF No. 32.) They emphasize that only one of the Defendants, Officer Gainer, had *any* physical contact with Strouse Gasser. And they argue that Gainer's actions – placing his hand on Strouse Gasser's shoulder to sit her down on a bench as she was waiting to be booked into the Kenosha County Jail – was objectively reasonable and cannot constitute excessive force as a matter of law. (ECF No. 33 at 9-11.) They

---

[1] Count 2 of the Amended Complaint purports to seek a "Writ of Mandamus to Provide Records (pendent to) Wis. Stat. 19.35(1)(a) Violation of Open Records Law—Failure to Provide Requested Records." (ECF No. 13 at 6.) This request is procedurally questionable, to say the least; it is far from clear that this Court could issue mandamus against a state official for asserted violations of a state open records law. Jurisdiction aside, the claim is now moot and may have been abandoned. The claim seeks the production of copies of video recordings of Strouse Gasser's booking, but those videos have been produced in discovery and are a key part of the summary judgment record. Moreover, Plaintiffs' summary judgment response indicates they "do not argue under Wis. Stats. 1931 Open Records Law," suggesting they're not pursuing the claim. (ECF No. 41 at 1.)

support their motion with a flash drive containing a video recording of Strouse Gasser's interactions with the police. (ECF Nos. 34-37 & 40.)

In response, Plaintiffs offer a dramatic retelling of the events leading up to and after Strouse Gasser's arrest. But storytelling aside, Plaintiffs do not and cannot dispute the material facts underlying Defendants' summary judgment arguments. The record confirms that no one other than Officer Gainer used any force against Strouse Gasser. And the video record confirms that Officer Gainer's use of force was not conduct that a reasonable jury could possibly deem excessive. Because the record, including incontrovertible video evidence, confirms that none of the Defendants, including Officer Gainer, used excessive force against Strouse Gasser[2], Defendants' motion must be granted. Plaintiffs' claims are dismissed with prejudice.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087-88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

---

[2] There is no evidence whatsoever than any Defendant applied force, excessive or otherwise, against John Gasser. Because constitutional rights are personal, he has no claim under Section 1983 for the alleged violations of his spouse's rights. *See Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976) (emphasizing that section 1983 permits imposition of liability "only for conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws"); *Neihus v. Liberio*, 973 F.2d 526, 533-34 (7th Cir. 1992) (declining to recognize spousal consortium as constitutionally recognized liberty interest). His claims are therefore dismissed.

**UNDISPUTED FACTS**

Plaintiff Idala Strouse Gasser was arrested by Pleasant Prairie police officers following a two-car traffic accident on December 10, 2018. Surveillance video from the scene of the accident shows Strouse Gasser in a 2010 Mazda SUV driving behind a 2010 Chevy HHR as the HHR stopped at a stop sign. (ECF No. 37, Garcia Aff. Ex. 1.) The driver of the HHR hesitates before entering the intersection, and Strouse Gasser attempts to go around the other vehicle on its left in order to make a right turn in front of the HHR. (*Id.* at 0:00:39 – 0:00:42.) As Strouse Gasser passes the HHR and starts her right turn, the HHR moves forward and the two vehicles collide. (ECF No. 37, Garcia Aff. Ex. 2: 0:00:12 – 0:00:16.)

Officers Nicholas Brickert, Patrick Gainer, and Andrea Brey responded to the accident. After reviewing surveillance video from a nearby traffic camera, and consulting other officers, they decided to arrest Strouse Gasser. Strouse Gasser was placed in handcuffs and transported to the Pleasant Prairie Police Department, where she underwent Standardized Field Sobriety Tests. The officers contend that Strouse Gasser exhibited multiple indicators of impairment, so they then escorted her to the booking area. (ECF Nos. 35, 36.)

After allowing Strouse Gasser to use the restroom, the officers transported her to St. Catherine's Hospital, where a medical technician drew blood for testing. The officers then gave Strouse Gasser the chance to call a responsible sober driver to pick her up. When she was unable to obtain a ride within 45 minutes, the officers transported her to the Kenosha County Jail. (ECF Nos. 35, 36.)

At the jail, Officers Gainer and Brickert secured their weapons in the sally port lock box and escorted Strouse Gasser into the jail. Once inside the facility, the officers waited in a small waiting room for correctional officers to arrive to book Strouse Gasser into the jail. (ECF No. 37, Garcia Aff. Ex. 4: 0:00:12 – 0:18:20.) It was not a short wait and, as depicted in the video, Strouse Gasser became argumentative during the wait. (*Id.* at 0:10:01 – 0:11:02.) In response, the officers instructed her to sit down. (*Id.* at 0:10:59 – 0:11:07.) When she refused to do so, Officer Gainer walked over to her, placed his open hand on her shoulder, and, applying a modicum of force, guided her to a seated position on a bench. (*Id.* at 0:11:03 – 0:11:11). Neither officer, nor any other Defendant, had any other physical contact with Strouse Gasser.

## ANALYSIS

Plaintiffs allege that Defendants "used excessive force upon the person of Idala Strouse [Gasser] by violently shoving [her] onto a concrete bench which caused her harm." They further allege that she was seized "by means of excessive physical force and [a] show of authority which was unreasonable under the circumstances." (ECF No. 13 at 5.) Based on these allegations, they invoke 42 U.S.C. §1983 to assert an excessive force claim against Defendants under the Fourth Amendment.[3]

The Fourth Amendment guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures" of the person. *Graham v. Connor*, 490 U.S. 386, 394 (1989); *see Tennessee v. Garner*, 471 U.S. 1, 7-8 (1985) (claim of excessive force to effect arrest analyzed under a Fourth Amendment standard). In determining whether a police officer's use of force in connection with an arrest violates the Fourth Amendment, the Court applies an objective reasonableness test, considering the reasonableness of the force based on the events confronting the police officer at the time and not on his subjective beliefs or motivations. *See Horton v. Pobjecky*, 883 F.3d 941, 949-50 (7th Cir. 2018) (citing *Graham*, 490 U.S. at 396-97; *County of Los Angeles v. Mendez*, 137 S. Ct. 1539, 1546-47 (2017)). This test balances "'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Id.* at 949 (quoting *Graham*, 490 U.S. at 396).

### I. The Record Shows No Basis for Liability Against Officer Brickert, the Doe Defendants, and the Village.

It is well-established that a defendant can only be held liable under 18 U.S.C. §1983 for his or her own conduct. To be personally liable, a police officer or other defendant must have participated in some way in the alleged constitutional violation. *See Vance v. Peters*, 97 F.3d 987,

---

[3] The Amended Complaint also refers (in the heading of Count I) to a substantive due process violation under the Fourteenth Amendment. It is unclear how the actions alleged could state a substantive due process claim; such claims are generally based on fundamental rights not expressly covered by other constitutional provisions. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'") (citation omitted). Plaintiffs are challenging the amount of force the officers used, but such a claim arises under the Fourth Amendment. How the conduct otherwise violates Plaintiffs' rights is uncertain, and Plaintiffs offer no help in solving this mystery. They make no attempt to develop (or even refer to) such a claim in opposing Defendants' summary judgment motion. The Court will not do their work for them and will deem this alternative claim abandoned. *M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.") (internal quotation marks and citation omitted); *see also Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003) (noting "§ 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation").

Defendants argue that Plaintiffs' claims against all of the individual defendants other than Officer Gainer fail because there is no evidence that any of the other defendants used force against Strouse Gasser. (ECF No. 33 at 6-7.) Plaintiffs appear to concede that Defendants are correct, cryptically stating "Plaintiffs do not argue … for Nicholas Brickert, or Pleasant Prairie Officers 1-2." (ECF No. 41 at 1.) The Court assumes Plaintiffs are giving up on their claims against these Defendants. Regardless, because section 1983 requires evidence that each defendant was personally involved in the alleged constitutional violation and such evidence is utterly lacking here, Officer Brickert and the Doe defendants (Pleasant Prairie Officers 1-2) are entitled to summary judgment as a matter of law.

Similarly, there is no evidence to support liability against the Village of Pleasant Prairie. To sue a municipality under Section 1983, a plaintiff must establish a constitutional violation based on a municipal policy, practice, or custom. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (concluding "tortious conduct, to be the basis for municipal liability under § 1983, must be pursuant to a municipality's 'official policy'"). The mere fact that the municipality employs someone who violated a plaintiff's rights is not sufficient to create liability. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978) (concluding "a municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory"). Plaintiffs allege that Officer Gainer used excessive force against Strouse Gasser, but they do not identify any unconstitutional policy, practice, or custom in place at the Village pursuant to which Plaintiffs' rights were violated. The summary judgment record is devoid of any evidence of such a policy, practice, or custom. Accordingly, the Village is also entitled to summary judgment. *See Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010) (affirming summary judgment in favor of defendants due to plaintiff's failure to show constitutional injury was caused by (1) the enforcement of an express policy of municipal entity, (2) a widespread practice that was so permanent and well settled as to constitute custom or usage with the force of law, or (3) a person with final policymaking authority).

## II.     No Reasonable Jury Could Conclude that Officer Gainer Used Excessive Force.

Defendants admit that Officer Gainer made physical contact with Strouse Gasser but insist he is also entitled to summary judgment because the record shows his use of force was minimal and objectively reasonable. Defendants highlight the video recording of the incident, which they insist confirms that Officer Gainer acted reasonably in placing one open hand, at arm's length, on Strouse Gasser's shoulder and "gently guid[ing] her into the sitting position" after she became argumentative and refused his instruction to sit down.  (ECF No. 33 at 10.)

Plaintiffs do not challenge the basic premise of Defendants' summary judgment argument. They admit that Officer Gainer's sole use of force involved him placing his hand on Strouse Gasser's shoulder and sitting her down, after she started arguing with him. But they characterize the use of force much more aggressively. They call Officer Gainer's use of force "unreasonable and excessive" and claim Strouse Gasser "felt a very powerful force on her shoulder that shoved her down real hard onto the cement bench." (ECF No. 41 at 11.) But calling Officer Gainer's use of force "unreasonable," "excessive," or "powerful" does not render his conduct excessive. And saying that he "shoved her down real hard" does not render his actions unreasonable.

Most importantly, however, Plaintiffs' recounting of the events is contradicted by objective video evidence. Video from the jail confirms Defendants' version of events. It shows that Officer Gainer's physical contact with Strouse Gasser was neither excessive nor unreasonable. When Strouse Gasser becomes argumentative, both officers react, and Officer Gainer puts his arm on Strouse Gasser's shoulder and pushes her into a seated position. One can quibble over how to best describe the amount of force he applied to her shoulder, but it was plainly neither unreasonable nor excessive. Because this objective video evidence defeats Plaintiffs' factual and legal assertions, Defendants are entitled to summary judgment. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").[4]

---

[4] Plaintiffs also try to distract from the main issue, complaining about numerous aspects of Strouse Gasser's interaction with the police officers, aspects that have nothing to do with the use of force that is the basis for their claims. (ECF No. 41 at 3-8.) Whether officers initially accused her of "road rage," whether they promptly complied with her request for a lawyer, whether Officer Gainer got angry and swore at his computer, or whether the other officer tried to get Officer Gainer's anger under control, have nothing to do with whether Gainer's placement of his hand on Strouse Gasser's shoulder to sit her down constituted "excessive force."

## CONCLUSION

The record establishes that Defendants did not use excessive force in arresting Strouse Gasser. Accordingly, Plaintiffs' complaint must be dismissed.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (ECF No. 32) is GRANTED. Plaintiffs' claims are DISMISSED with prejudice. The Clerk is directed to enter judgment accordingly.

IT IS FURTHER ORDERED that Plaintiffs' Motion for an Extension of Time to Name Expert Witnesses and Conduct Discovery, (ECF No. 29), and Attorney Napierala's Motion to Withdraw, (ECF No. 28), are DENIED as moot.

Dated at Milwaukee, Wisconsin on June 10, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge